
FILED
CLERK, U.S. DISTRICT COURT
FEB 20 2018
CENTRAL DISTRICT OF CALIFORNIA
BY AF DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VINCENT CASH,<br>Defendant. | Case No. 18-354M<br>ORDER OF DETENTION |

I.

On February 20, 2018, Defendant made his initial appearance in this district on the criminal complaint filed in this matter. Deputy Federal Public Defender Craig Harbaugh was appointed to represent Defendant.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the

arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Travel to and family ties to the Bahamas
- ☒ no ties to the Central District of California
- ☒ insufficient bail resources. The Court does not consider Defendant's girlfriend of one year who is willing to sign a personal appearance bond in the amount of $25,000 to be a sufficient surety for Defendant.
- ☒ Unrebutted Presumption.

The Court is concerned about risk of flight given the allegations in the complaint, the criminal exposure Defendant faces if convicted, Defendant's possession of significant amounts of cash, ( Defendant was in possession of $4,000 at the time of arrest and approximately $44,000 when confronted by authorities in 2016), family ties to Florida (where Defendant would reside if released on bond), ability to, and history of, travel outside the U.S. given that defendant's girlfriend owns a travel agency and Defendant has a history of travel to the Bahamas.

As to danger to the community:

- ☒ Allegations in present charging document include possession with intent to distribute over one kilogram of cocaine;
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: February 20, 2018          /s/
                                  HON. ALKA SAGAR
                                  UNITED STATES MAGISTRATE JUDGE